

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,105-01

**EX PARTE SERGIO HERNANDEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 661256-A IN THE 185TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded guilty to unlawful possession of a controlled substance and was sentenced to three years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel failed to adequately investigate the facts and legal issues of the case and to advise him that he had the option of taking the case to trial. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

According to the State Bar, trial counsel is deceased. If a response from counsel is impossible, the trial court shall determine whether counsel's file from this case is available for inspection. It also appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make specific findings of fact as to whether the doctrine of laches bars consideration of the instant application. If laches does not, the trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                          September 28,2022
Do not publish